IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMONTE ALLGOOD,

                                                  OPINION AND ORDER

            Plaintiff,

                                                  17-cv-812-bbc

   v.

CO SGT. HERT, CO WEYCKER,
CO PEOTTER, RN CASSANDRA BAIER,
LT. CUSHING, CO DENIAL, LUSTEY
and OFFICER YANG,

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Pro se plaintiff Jamonte Allgood is proceeding on the following claims under the Eighth Amendment:

     (a) defendants CO Sgt. Hert, CO Weycker, CO Peotter and CO Yang used excessive force against him;

     (b) defendants CO Denial and Lt. Cushing failed to intervene to prevent excessive force;

     (c) defendants Cushing, Hert, Poetter, Weycker, Denial and Yang subjected him to unconstitutional conditions of confinement; and

     (d) defendants RN Cassandra Baier and Lustey failed to provide him adequate medical treatment.

Now before the court is defendants' motion for partial summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies with respect to his conditions of confinement and medical treatment claims. Dkt. #58. As explained below, I am granting the motion and dismissing plaintiff's conditions of confinement and medical treatment claims without prejudice.

1

Also before the court is plaintiff's motion to lift the stay of discovery. Dkt. #71. That motion will be denied as moot. Under the Pretrial Conference Order, dkt. #40 at 8, discovery was stayed pending resolution of defendants' exhaustion motion. Now that the exhaustion motion has been resolved, discovery may resume without a court order on the exhausted claims.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025.

To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. In 2017 when plaintiff filed his inmate complaints, the regulations required prisoners to start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC

2

310.09. If the inmate complaint was dismissed, the inmate could appeal within 10 days of receiving notice of the dismissal. Id. § 310.13(1)(2017).

Defendants concede that plaintiff exhausted his administrative remedies with respect to his excessive force and failure-to-intervene claims. However, defendants contend that plaintiff failed to exhaust his administrative remedies with regard to his conditions of confinement and medical treatment claims.

With respect to plaintiff's conditions of confinement claim, defendants say that plaintiff has not filed any inmate complaints complaining about his conditions of confinement. Plaintiff has not identified any inmate complaint relevant to his conditions of confinement claim. Therefore, I conclude that plaintiff failed to exhaust his administrative remedies with respect to that claim. Plaintiff's conditions of confinement claim will be dismissed without prejudice.

With respect to plaintiff's medical care claims, defendants concede that plaintiff filed several inmate complaints alleging inadequate medical care. However, they contend that plaintiff failed to timely appeal any of the complaints before bringing this lawsuit. A review of plaintiff's inmate complaint history confirms that defendants are correct.

Plaintiff filed three inmate complaints relating to the medical care claims at issue in this case: GBCI-2017-19433, GBCI-2017-20495 and GBCI-2017-23065. Dkt. ##60-2, 60-3, 60-4. The inmate complaint examiner investigated each complaint, consulted with the health services unit and recommended dismissal. In each instance, the reviewing authority accepted the inmate complaint examiner's recommendation and dismissed the complaint.

Dkt. #60, ¶¶ 13, 18, 23. Plaintiff appealed each of the three dismissals, but all of his appeals were dismissed as untimely because they were received past the 10-day deadline for filing appeals. Id. ¶¶ 14, 19, 24.

Although plaintiff argues in his response brief that there are disputed issues of material fact regarding whether he has exhausted his administrative remedies, he has not identified any specific factual issues that are in dispute. For example, plaintiff has not alleged that defendants are mistaken about the dates on which he filed his appeals. Instead, the undisputed facts show that plaintiff failed to exhaust his administrative remedies with respect to his conditions of confinement and medical care claims. Accordingly, those claims will be dismissed without prejudice. Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is without prejudice).

ORDER

IT IS ORDERED that

1. Defendants' motion for partial summary judgment for plaintiff Jamonte Allgood's failure to exhaust his administrative remedies, dkt. #58, is GRANTED. Plaintiff's conditions of confinement and medical treatment claims are DISMISSED WITHOUT PREJUDICE.

2. Defendants RN Cassandra Baier and Lustey are DISMISSED as defendants from this case.

3. Plaintiff's motion to lift the stay of discovery, dkt. #71, is DENIED as moot.

Entered this 19th day of July, 2018.

                                    BY THE COURT:
                                    /s/

                                    _____
                                    BARBARA B. CRABB
                                    District Judge